# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIUS TERRELL FREEMAN,<br><br>    Petitioner,<br><br>vs.<br><br>PAUL COPENHAVER,<br><br>    Respondent. | Case No.:12-cv-01876-BAM (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF, DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK STANDARD <u>BIVENS</u> COMPLAINT FORM, AND DIRECTING CLERK OF COURT TO TERMINATE ACTION<br><br>[Docs. 1, 6, 7] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

    Petitioner filed the instant petition for writ of habeas corpus on November 15, 2012. Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California, serving a sentence after being convicted in South Carolina.

///

///

///

1

## DISCUSSION

I.  Review of Petition

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3d Cir. 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, only the sentencing court has jurisdiction.  <u>Tripati</u>, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir. 1991); <u>Tripati</u>, 843 F.2d at 1162; <u>see also</u> <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir. 1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  <u>Capaldi v. Pontesso</u>, 135 F.3d 1122, 1123 (6th Cir. 1998); <u>United States v. Tubwell</u>, 37 F.3d 175, 177 (5th Cir. 1994); <u>Kingsley v. Bureau of Prisons</u>, 937 F.2d 26, 30 n.5 (2d Cir. 1991); <u>United States v. Jalili</u>, 925 F.2d 889, 893-94 (6th Cir. 1991); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3d Cir. 1991); <u>United States v. Hutchings</u>, 835 F.2d 185, 186-87 (8th Cir. 1987); <u>Brown v. United States</u>, 610 F.2d 672, 677 (9th Cir. 1990).

Under 28 U.S.C. § 2254(a), "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

Petitioner claims that he was denied counsel in his criminal prosecution.  Petitioner requests this Court order the sentencing court to vacate his prior misdemeanor convictions.  Although Petitioner is currently housed within this Court's jurisdiction, Petitioner cannot

challenge convictions imposed in the State of South Carolina in this Court. A petition for writ of habeas corpus relief brought pursuant to § 2254 must be filed "in the district court for the district within which the State court was held which convicted and sentenced" the prisoner. 28 U.S.C. § 2241(d). Accordingly, the instant petition for writ of habeas corpus must be dismissed. If Petitioner seeks to challenge his prior convictions he must do so in the State of South Carolina.

II.     Motion for Injunctive Relief and Temporary Restraining Order

On December 28, 2012, Petitioner filed motion for injunctive relief and motion for a temporary restraining order. In his motions, Petitioner contends that correctional officer Martin assaulted him for no reason and Martin continues to verbally threaten and retaliate against him for filing a complaint. Petitioner specifically requests that the Court provide him with a copy of a standard form to file an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Petitioner is advised that there is no jurisdiction under § 2241 to raise issues related to the conditions of his confinement and such claims may not be raised by way of motion for injunctive relief in this action. As Petitioner acknowledges, the proper avenue to raise such claims is by way of filing civil rights complaint pursuant to Bivens. Accordingly, the Court has no habeas jurisdiction over the claims raised in the motion for injunctive relief and motion for a temporary restraining order, and the Court will direct the Clerk's Office to send Petitioner a blank Bivens complaint form.

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DENIED;
2. Petitioner's motion for injunctive relief and motion for a temporary restraining order are DENIED;

///

///

3. The Clerk of Court is directed to send Petitioner a blank <u>Bivens</u> complaint form; and

4. The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

Dated:   **January 9, 2013**            /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE